UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRON E. MONTGOMERY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2343** |
| **JEFFERSON PARISH SHERIFF'S OFFICE** | **SECTION: "T"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Byron E. Montgomery, Jr., a state pretrial detainee, filed this *pro se* complaint against the Jefferson Parish Sheriff's Office pursuant to 42 U.S.C. § 1983. In this lawsuit, he seeks production of records for use in his pending state criminal case.

**I. Standards of Review**

Plaintiff filed this federal civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint, [1] the undersigned recommends that this matter be dismissed for the following reasons.

---

[1] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

In his complaint, plaintiff stated his claim as follows: "My arresting officer, Joseph Waguespack[,] was terminated on Aug. 5, 2019. He falsified documents relating to the in-custody homicide of a suspect named Kevon Robinson."[2] In his prayer for relief, plaintiff stated:

> I am petitioning the Court to grant me a copy of former detective Joseph Waguespack's personnel file. OFC P.R. # 117533. As of this writing, JPSO has yet to produce a copy of its personnel file, and I am asking this court to compel JPSO to do so. I also ask the court to send the personnel file to me at the jail, and only to me. Thank you.[3]

In a subsequent filing, plaintiff stated that he also wants to obtain (1) Waguespack's personnel file from the New Orleans Police Department, (2) the personnel file of a second arresting officer, Thomas Gai, and (3) the original autopsy report of the alleged victim in plaintiff's criminal case.[4]

As noted, plaintiff brought this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

---

[2] Rec. Doc. 1, p. 4.
[3] Id. at p. 5.
[4] Rec. Doc. 6, p. 1.

Even if plaintiff had brought this action against a proper defendant, which he has not,[5] he would still have another problem: he is attempting to use § 1983 as a vehicle to conduct discovery to obtain documents for use in his state criminal proceeding. But that is not a proper use of the federal civil rights statute, which serves only to remedy violations of federal rights. Because no federal right is at issue here, the relief he seeks is not available from this Court. See Richards v. Mississippi, Civ. Action No. 3:12-cv-409, 2012 WL 3027952, at *2 (S.D. Miss. July 24, 2012) ("Plaintiff simply does not have a federal right to a discovery order in a pending state court criminal case. Nor does this Court have jurisdiction to 'review, modify, or nullify' a state court order regarding discovery in Plaintiff's pending criminal case."). That is true even if the Louisiana Public Records Act might require production of some of the records plaintiff seeks, because disputes under that state law do not implicate federal constitutional or statutory rights cognizable under 42 U.S.C. § 1983. See Williams v. Kreider, Civil Action No. 91-4180, 1992 WL 245914 (E.D. La. Sept. 24, 1992), aff'd, 996 F.2d 306 (5th Cir. 1993); see also Lewis v. Jackson, Civ. Action No. 14-0468, 2016 WL 1103904, at *4 (M.D. La. Mar. 1, 2016) ("[W]hereas the plaintiff attempts to invoke the constitutional protection of the Due Process Clause by asserting that the withholding of the referenced documentation violated his rights under that provision, at least one Fifth Circuit panel has addressed this argument and rejected a similar contention, finding that the Due Process Clause is not violated because state law provides an adequate post-deprivation remedy in the form of access to the state courts." (citing Williams v. Kreider, 996 F.2d 306 (5th Cir. 1993)), adopted, 2016 WL 1092648 (M.D. La. Mar. 21, 2016); Rinker v. New Orleans District Attorney, Civ. Action No. 10-810, 2010 WL 2773236, at *6 (E.D. La. June 15, 2010) ("A state public records

---

[5] The only defendant named in this lawsuit is the Jefferson Parish Sheriff's Office. However, because the Sheriff's Office is not a legal entity capable of being sued, it is not a proper defendant in a § 1983 action. See, e.g., Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013).

claim implicates no federal constitutional or statutory rights. Therefore, a plaintiff has no right to assert such a claim under 42 U.S.C. § 1983."), adopted, 2010 WL 2773383 (E.D. La. July 12, 2010); Harris v. Orleans District Attorney's Office, Civ. Action No. 09-6622, 2009 WL 3837618, at *3 (E.D. La. Oct. 13, 2009) (adopted by Berrigan, J., on Nov. 9, 2009); Johnson v. Morrell, Civ. Action No. 09-3753, 2009 WL 2599286, at *2 (E.D. La. Aug. 17, 2009), appeal dismissed, 391 F. App'x 333 (5th Cir. 2010); Franklin v. Louisiana, Civ. Action No. 05-3713, at p. 5 (E.D. La. Nov. 9, 2005) ("The undersigned has found no law in this Circuit which would elevate state law public records disputes to ones of constitutional dimension. Further, to do so would result in the federal courts becoming embroiled in every such dispute involving prisoners on 'fishing expeditions' for documents to use in connection with post-conviction or other such proceedings. Such state law disputes are better and more appropriately left to the state courts.") (adopted by Vance, J., on Feb. 9, 2006).

For these reasons, plaintiff's complaint is frivolous and/or fails to state a claim upon which relief may be granted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this __24th__ day of October, 2022.

                                        **JANIS VAN MEERVELD**
                                        **UNITED STATES MAGISTRATE JUDGE**